UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LANNY GEHM, WILLIAM GEHM, and,
LR GEHM, LLC,

                            Plaintiffs,

        v.                                 3:09-cv-1000

CORNELL UNIVERSITY and
QUALITY MILK PRODUCTION
SERVICES,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

Plaintiffs Lanny Gehm, William Gehm, and LR Gehm, LLC brought the instant action against Defendants Cornell University and Quality Milk Production Services asserting claims pursuant to 42 U.S.C. sec. 1983. Presently before the Court is Defendants' motion to dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12.

**I.    FACTS**

The Complaint alleges that Defendants promote a product known as CoPulsation that is purported to effectively control mastitis in cows. It is claimed that Defendants have failed to properly represent Plaintiffs' product and disparaged it within the relevant industry (including veterinarians) causing Plaintiffs harm. According to Plaintiffs, Defendants' conduct constitutes the intentional infliction of harm and prima facie tort and has caused damages to Plaintiffs.

Presently before the Court is Defendants' motion to dismiss the Complaint.

## II.     STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. at 1949-50 (internal quotations and citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief." Id. at 1950 (internal citations and quotation omitted).

## III.    DISCUSSION

### a.    Motion for an Extension of Time

On November 9, 2009, Defendants filed and served the instant motion to dismiss. The motion indicated the proper return date of December 14, 2009.  In accordance with the Court's local rules, opposition papers were due on or before November 27, 2009. See N.D.N.Y.L.R. 7.1(b)(1) (opposition papers are due 17 days before the return date).  On November 30, 2009 (three days after opposition papers were due), Plaintiffs requested an

adjournment of the motion to January 22, 2010.¹ The bases for the request are that: (1) the motion is very complex; (2) Plaintiffs have gathered a number of documents in response to the motion, but have not completed gathering all necessary information; and (3) Plaintiffs' attorney has scheduling conflicts.

Requests for extensions of time are governed by Fed. R. Civ. P. 6(b). Pursuant to Rule 6(b), a court may grant a request for an extension of time made after the time has expired only upon a showing of excusable neglect. To determine whether neglect is excusable, "a district court should take into account: '[1] [t]he danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith.'" Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 228 (2d Cir. 2004) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed.2d 74 (1993)).

For the following reasons, the Court finds that Plaintiffs have failed to demonstrate excusable neglect. First, the time when opposition papers were due is clearly set forth by application of Local Rule 7. Second, Plaintiffs knew, or reasonably should have known, of any complexity of the motion when it was filed and served upon them. There is no good reason why Plaintiff waited until after opposition papers were due to assert this as a basis for needing an extension of time. This may have been a valid reason before expiration of the date for filing opposition papers, but not after. Third, because the motion is made pursuant

---

¹ This request is counter to N.D.N.Y.L.R. 7.1(j) which precludes an adjournment in excess of 31 days from the original return date absent a showing of exceptional circumstances. No such exceptional circumstances are presented here.

- 3 -

to Rule 12, as a general rule, documentary evidence outside of the pleadings may not be considered by the Court. Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000). Rather, a motion under Rule 12 merely tests the sufficiency of the Complaint based on the allegations therein. Williams v. Perlman, 2009 WL 1652193, at *4 (N.D.N.Y. 2009). Accordingly, the gathering of documents to submit to the Court should not be necessary and not a basis for filing late opposition papers. Fourth, counsel's involvement in other matters is an insufficient ground, particularly when counsel should have been aware of his calendar and other matters he is handling before the date opposition papers were due. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 398 (1993) ("[W]e give little weight to the fact that counsel was experiencing upheaval in his law practice at the time. . . ."); Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250-51 (2d Cir. 1997). Fifth, in a second application for an extension of time, Plaintiffs state that they spent time preparing a responsive affidavit, but were unable to timely complete a memorandum of law. Pursuant to N.D.N.Y.L.R. 7.1(a)(2) and Rule 12, however, no affidavit is required (and arguably not permitted) in connection with a Rule 12(b)(6) motion. Sixth, there is insufficient allegation in Plaintiffs' application suggesting that the failure to timely file papers was the result of neglect; that is, inadvertence, carelessness, or mistake. To the contrary, any delay appears to be the result of an affirmative decision based on the alleged complexity of the motion and the lack of sufficient documentary support. Canfield, 127 F.3d at 250. Nothing about the delay was beyond Plaintiffs' control.

   In short, the Court finds that the first and second factors (prejudice to Defendants and length of the delay) weigh in favor of granting an extension, but the third factor does not. The Court has no basis upon which to determine the fourth factor (good faith) and, therefore,

finds that it is neutral.  The Court further finds that, for the reasons set forth above, the failure to satisfy the third factor outweighs the first and second factors and Plaintiffs have, therefore, failed to demonstrate excusable neglect.  Accordingly, the motion for an extension of time is DENIED.[2]  The Court will now turn to the substance of Defendants' motion.

### b.     Motion to Dismiss

Defendants first contend that the Complaint contains insufficient factual assertions to state a claim upon which relief can be granted.  Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this Rule "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 at 555, 127 S. Ct. 1955 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

Here, the Complaint consists of seventeen paragraphs.  The first two identify Plaintiffs and Defendants' respectively.  The third and fourth allege that Defendants receive governmental monies.  The fifth paragraph alleges that "the actions of the defendants as set forth in this Complaint are governmental conduct within the meaning of sec. 1983. . . ."  This

---

[2] Plaintiffs did file an affidavit in opposition to the motion and the Court will consider that document (to the extent appropriate and without considering matters outside the pleadings) as their opposition to the motion.

is a legal conclusion entitled to no deference on a motion to dismiss. Iqbal, 129 S. Ct. at 1949-50. Paragraphs 6, 8, 9, 10, and 11 assert factual recitations that the Court will assume to be true. These paragraphs do not, however, suggest any unlawful conduct by Defendants or make any factual assertions supporting any unlawful conduct. Paragraphs 7, 13, 14, 15, 16, and 17 allege that Defendants' conduct has harmed Plaintiffs. These are conclusory legal conclusions not entitled to deference. That leaves paragraph 12, which merely states that "the defendants have failed to represent properly plaintiffs' products and have in fact disparaged the plaintiffs to the dairy industry." Part of paragraph 14 also states that "the defendants have . . . made similar representations to various veterinarians. . . ." These allegations are nothing more than naked assertions and threadbare recitals of the elements of the claim supported by conclusory statements. Plaintiffs make no factual assertions supporting their claims. See Iqbal, 129 S. Ct. at 1950-51 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). There are no allegations of what was said, when they were said, who is alleged to have said them, or to whom they were said. Because the Complaint fails to allege sufficient facts to state a claim pursuant to 42 U.S.C. sec. 1983, the Complaint must be DISMISSED.

      Defendants also move to dismiss the Complaint on the ground that Plaintiffs fail to state sufficient facts demonstrating that they acted under color of state law. To state a claim under sec. 1983, Plaintiffs must demonstrate that they were deprived of a constitutional or federal statutory right by someone acting under color of state law. Rand v. Perales, 737 F.2d 257, 260 (2d Cir. 1984). "The traditional definition of acting under color of state law requires that the defendant . . . have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v.

Atkins, 487 U.S. 42, 49, 108 S. Ct. 2250 (1988) (quoting United States v. Classic, 313 U.S. 299, 326, 61 S. Ct. 1031 (1941)).  "The determination as to whether a non-state party acts under color of state law requires an intensely fact-specific judgment unaided by rigid criteria as to whether particular conduct may be fairly attributed to the state." Arar v. Ashcroft, --- F.3d ----, ----, 2009 WL 3522887 (2d Cir. 2009).  The actions of a nominally private entity have been held to be attributable to the state when: "(1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the [s]tate,' ('the public function test')." Arar, — F.3d at — (Pooler, J. dissenting).

  Here, Plaintiffs merely allege that Defendants receive money from the state and federal government.  They also make the conclusory allegations that Defendants' actions were those of the state.  The mere receipt of money from the government is insufficient to demonstrate that Defendants were acting under color of state law. Rendell-Baker v. Kohn, 457 U.S. 830, 840-43 (1982); see also Wright v. Zabarkes, 2009 WL 3109916, at *1 (2d Cir. 2009) (unreported) ("The mere provision of federal subsidies to the Defendants does not transform their otherwise private conduct into state action.").  Nowhere in the Complaint or their opposition to Defendants' motion do Plaintiffs demonstrate how Defendants' conduct in making any statements concerning Plaintiffs' product was under color of state law.  See Arar, — F.3d at —.  The allegations are insufficient to establish joint action, compulsion, or that Defendant is performing a public function.  There similarly are no allegations of a conspiracy between Defendants and state officials.  Because Plaintiffs offer insufficient allegations

suggesting that Defendants' conduct may be fairly attributable to the state, the Complaint fails to state a claim pursuant to 42 U.S.C. sec. 1983.³

Assuming Plaintiff can establish that Defendants acted under color of state law, the Complaint also fails to allege a constitutional or statutory injury.  The aggrieved conduct consists of statements and representations allegedly made by Defendants concerning Plaintiffs' product.  Plaintiffs do not allege how any such statements or representations affected an interest protected by federal law.  To the extent Plaintiffs are asserting a liberty interest, damage to reputation alone is insufficient to establish a claim for harm to a liberty interest. Komlosi v. New York State Office of Mental Retardation and Developmental Disabilities, 64 F.3d 810, 817 (2d Cir. 1995).  "[A] cognizable claim will lie if a plaintiff can show loss of reputation plus some serious additional harm . . . as a result of defamatory remarks by a government official."  Id.  This additional harm has sometimes been characterized as a "tangible interest," Algarin v. Town of Wallkill, 421 F.3d 137, 138 (2d Cir. 2005), or a "tangible and material state-imposed burden . . . in addition to the stigmatizing statement."  Doe v. Dep't of Pub. Safety ex rel. Lee, 271 F.3d 38, 47 (2d Cir. 2001), rev'd on other grounds, Connecticut Dept. of Public Safety v. Doe, 538 U.S. 1, 123 S. Ct. 1160 (2003).  "The 'plus' imposed by the defendant must be a specific and adverse action clearly restricting the plaintiff's liberty."  Velez v. Levy, 401 F.3d 75, 87-88 (2d Cir. 2005).  Here, there are no allegations that Plaintiffs were deprived of any tangible legal right or status in

---

³ In Curto v. Smith, 248 F.Supp.2d 132, 137-40 (N.D.N.Y. 2003), Judge Scullin undertook a thorough analysis of whether the contract colleges operated by Cornell (which includes the College of Veterinary medicine, the part of Cornell University at issue here) act under color of state law.  This Court adopts the reasoning therein.

connection with the alleged defamatory statements.  Accordingly, they have failed to state a cognizable claims under section 1983.

### c.   Res Judicata

Defendants also move to dismiss the claim on the ground of res judicata. Defendants contend that Plaintiffs filed a state court lawsuit asserting claims of libel and slander arising out of the same facts giving rise to the instant lawsuit and that the state law action was dismissed on the merits with prejudice.

In February 2009, Plaintiffs commenced an action in state court against Cornell University asserting a claims of slander and libel.  The state court complaint alleges that, in April and August 2007, Defendants made defamatory statements concerning Plaintiff's product.  Defendant moved to dismiss the claims.  By order dated July 9, 2009, the Complaint was dismissed with prejudice.[4]  Shortly thereafter, in August 2009, Plaintiffs commenced the instant action.

> Under the doctrine of res judicata, "once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the [first] action arose." Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997) (internal quotation marks omitted) (alterative in original).  This principle prevents a plaintiff from litigating claims that were or could have been raised in a prior action against the same defendant. L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc., 198 F.3d 85, 87-88 (2d

---

[4]  The Court may rely on public records outside the pleadings when considering a motion to dismiss, particularly when necessary to adjudicate claims of collateral estoppel and/or res judicata. See Blue Tree Hotel Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) (courts "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss"); Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991); Cowen v. Ernest Codelia, P.C., No. 98 Civ. 5548, 2001 WL 856606, at *1 (S.D.N.Y. July 30, 2001) ("[I]t is proper to consider public documents on a motion to dismiss to determine whether claims are barred by prior litigation.").

>Cir. 1999) (per curiam). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." Id. at 88.

Cieskowska v. Gray Line New York, 295 F.3d 204, 205 (2d Cir. 2002).

>In deciding whether a suit is barred by res judicata, "[i]t must first be determined that the second suit involves the same 'claim' or-'nucleus of operative fact'-as the first suit." Waldman v. Vill. of Kiryas Joel, 207 F.3d 105, 108 (2d Cir. 2000) (quoting Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 90 (2d Cir. 1997)) (internal quotation marks omitted).  Three indicia determine whether the second suit involves the same claim or nucleus of operative fact as the first: (1) whether the underlying facts are "related in time, space, origin, or motivation;" (2) whether the underlying facts "form a convenient trial unit;" and (3) whether their "treatment as a unit conforms to the parties' expectations." Id. (internal quotation marks omitted). "[T]he facts essential to the barred second suit need not be the same as the facts that were necessary to the first suit.  It is instead enough that 'the facts essential to the second were [already] present in the first.'" Id. at 110-11 (quoting Computer Assocs. Int'l v. Altai, Inc., 126 F.3d 365, 369 (2d Cir. 1997)).

Channer v. Department of Homeland Sec., 527 F.3d 275, 280-81 (2d Cir. 2008).

Although the Complaint fails to specify any dates or allege any specifics concerning Defendants' alleged conduct, reading the Complaint together with Plaintiffs' affidavit in opposition to Defendants' motion demonstrates that the two cases arise out of the same nucleus of operative facts.  Both suits involve allegedly defamatory statement made by Defendants.  In their affidavit in opposition to Defendants' motion to dismiss, Plaintiffs refer to a letter written by Defendants and sent to State Senator Libous - the same letter that formed the factual basis for the state court action.  The affidavit also references efforts made in March 2008 to rectify any issues caused by Defendants' statements, thereby demonstrating that the underlying statements were made prior to March 2008 and prior to the filing of the state court complaint.  Moreover, Plaintiffs state that the prior state court action was bound by a one year statute of limitations, whereby the instant action is founded upon the theory of

a tort cause of action that has a three year statute of limitations. Based on the foregoing, the Court finds that the first factor set forth above is satisfied.

Turning to the second and third factors, the underlying facts form a convenient trial unit. Defamation claims could conveniently be tried together with a claim pursuant to section 1983 where those claims arise out of the same facts. Further, both claims seek monetary damages caused by the statements. For similar reasons, treating all claims as a unit conforms to the parties' expectations.

Finally, the parties had a full and fair opportunity to litigate the issues in state court. Plaintiffs filed a complaint. Defendants moved to dismiss the complaint. Although Plaintiffs initially opposed the motion, they voluntarily withdrew their opposition. The state court reviewed the submissions, granted the motion, and dismissed the complaint with prejudice.

Accordingly, the instant action is barred by res judicata.

## IV.      CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and the Complaint is DISMISSED IN ITS ENTIRETY.

IT IS SO ORDERED.

Dated:   December 4, 2009

_____
Thomas J. McAvoy
Senior, U.S. District Judge